```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

EILEEN McGUIRE,                      :
                                     :CIVIL ACTION NO. 3:12-CV-1762
      Plaintiff,                  :
                                     :(JUDGE RICHARD P. CONABOY)
      v.                           :
                                     :
PALMERTON HOSPITAL and               :
LOIS RICHARDS,                       :
                                     :
      Defendants.                 :
                                     :

## **MEMORANDUM**

With this Memorandum, we address the three motions pending in this case: 1) Defendants Palmerton Hospital and Lois Richards' Motion to Dismiss (Doc. 22); 2) Defendants Palmerton Hospital and Lois Richards' Rule 11 Motion for Sanctions (Doc. 29); and 3) Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Doc. 32). All motions are ripe for disposition.

## **I. Relevant Background**

The background of this case is set out in the Court's Memorandum addressing Defendant Palmerton Hospital and Lois Richards' Motion to Dismiss filed on October 1, 2012, which sought dismissal of Plaintiff's Second Amended Complaint. (Doc. 19 at 1-5.) With that Memorandum and accompanying Order (Doc. 20), the Court dismissed all claims. The Compliant was dismissed without prejudice in three respects: 1) Count I for Breach of Contract was dismissed without prejudice as to Defendant Palmerton; 2) Count II for Wrongful Termination was dismissed without prejudice as to

Defendant Palmerton; and 3) Count III for Age Discrimination under the ADEA was dismissed without prejudice as to Defendant Palmerton. (Doc. 20 ¶¶ 2-4.)

Plaintiff timely filed a Third Amended Complaint on November 23, 2012. (Doc. 21.) On December 3, 2012, Defendants filed Defendants Palmerton Hospital and Lois Richards' Motion to Dismiss (Doc. 22) and supporting brief (Doc. 23) seeking dismissal of Plaintiff's Third Amended Complaint. Defendant did not file an opposition brief but filed a Fourth Amended Complaint (Doc. 24) on December 17, 2012. Defendants filed Defendants Palmerton Hospital and Lois Richards' Motion to Strike Plaintiff's Fourth Amended Complaint (Doc. 25) and supporting brief (Doc. 26) on December 19, 2012. The Court struck Plaintiff's Fourth Amended Complaint as an improper filing by Order of December 19, 2012, and clarified that the operative Complaint in the case remained Plaintiff's Third Amended Complaint. (Doc. 28.) On December 19, 2012, Defendants filed a Praecipe to Consider Plaintiff's Lack of Contest as Consent to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 27.)

On December 20, 2012, Defendants filed Defendants Palmerton Hospital and Lois Richards' Rule 11 Motion for Sanctions (Doc. 29) and supporting brief (Doc. 30). Plaintiff filed a brief in opposition to the motion on January 2, 2013. (Doc. 36.) Defendants filed a reply brief on January 15, 2013. (Doc. 39.)

On December 21, 2012, Plaintiff filed Plaintiff's Motion for Leave of Court to file a Fourth Amended Complaint (Doc. 32) and supporting brief (Doc. 33). Defendants filed an opposition brief on January 8, 2013. (Doc. 38.)

## II. Discussion

### a. *Plaintiff's Motion for Leave to File a Fourth Amended Complaint*

We first discuss Plaintiff's Motion for Leave to File a Fourth Amended Complaint. (Doc. 32.) As noted above, Plaintiff filed this motion and supporting brief (Doc. 33) on December 21, 2012, and Defendants filed an opposition brief on January 8, 2013. (Doc. 38.) The last day for filing a reply brief was January 25, 2013, and Plaintiff did not do so. For the reasons discussed below, Plaintiff's motion is denied.

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court identified a number of factors to be considered in deciding a motion to dismiss under Rule 15(a) in *Foman v. Davis*, 371 U.S. 178 (1962).

> If the underlying facts or circumstances
> relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an
> opportunity to test his claim on the merits.
> In the absence of any apparent or declared
> reason-such as undue delay, bad faith or
> dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by
> amendments previously allowed, undue
> prejudice to the opposing party by virtue of
> the allowance of the amendment, futility of

3

>                the amendment, etc.--the leave sought should,
>                as the rules require, be freely given.

*Id.* at 182.

Plaintiff argues that Federal Rule of Civil Procedure 15(a)'s liberal policy to allow amended pleadings supports her request in that her proposed amendment would not be futile. (Doc. 33 at 4.) Placing the burden of showing futility on Defendants, Plaintiff maintains this is a "heavy burden" and "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." (Doc. 33 at 4 (citations omitted).)

Defendants maintain that the Court should deny Plaintiff's motion on several bases: 1) Defendants will suffer prejudice; 2) Plaintiff has unduly delayed requesting leave to amend; 3) permitting Plaintiff leave to amend would be unjust; and 4) Plaintiff's Fourth Amended Complaint is futile. (Doc. 38 at 8-15.) We will address each of these arguments.

**1.   Prejudice**

Defendants argue that permitting Plaintiff to file another complaint, "and once again, forcing Defendants to move to dismiss Plaintiff's pleading" would be unduly prejudicial because Plaintiff has already filed four complaints which have resulted in Defendants "expending significant effort, time, and expense to file four (4) separate motions to dismiss to defend this case." (Doc. 38 at 9.) We agree.

*Foman* includes "repeated failure to cure deficiencies by

4

amendments previously allowed [and] undue prejudice to the opposing party by virtue of the allowance of the amendment" as reasons to deny leave to amend. 371 U.S. at 182. The Third Circuit Court of Appeals has found that denying leave to amend was properly within a district court's discretion where the defendants had already been forced to defend against three complaints. *California Public Employees' Retirement System v. Chubb Corp.*, 394 F.3d 126, 166 (3d Cir. 2004).

First, we note that although Plaintiff recognizes prejudice to the other party as a pertinent consideration (Doc. 33 at 2), she did not further discuss prejudice in her supporting brief, nor did she reply to Defendants' argument on the issue.

After filing her Complaint and Second Amended Complaint, allowed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the Court issued a Memorandum (Doc. 19) and Order (Doc. 20) on November 13, 2012, which dismissed the Second Amended Complaint but allowed leave to amend on limited bases, recognizing the Court was doing so only "in an abundance of caution." (Doc. 19 at 11, 18.) The Court's Memorandum provided a blueprint to Plaintiff as to how she might remedy the deficiencies in her claims, particularly regarding her wrongful termination claim. (Doc. 19 at 14-18.)

In general terms, the scope of Plaintiff's proposed Fourth Amended Complaint is consistent with the Court's Order of November

5

13, 2012.[1] (Doc. 20.)  However, this compliance does not favor allowance to amend because, following the Court's November 13, 2012, Order, Plaintiff filed two other complaints before filing the one under consideration here.  (Docs. 21, 24.)  Plaintiff filed her Third Amended Complaint (Doc. 21) as allowed by the Court's November 13, 2012, Order.  After Defendants filed a motion to dismiss the Third Amended Complaint (Doc. 22) and supporting brief (Doc. 23), Plaintiff filed a Fourth Amended Complaint (Doc. 24).  In response to Plaintiff's filing, Defendants filed a motion to strike the Fourth Amended Complaint (Doc. 25) and supporting brief (Doc. 26).  The Court granted the motion by Order of December 18, 2012, finding the Fourth Amended Complaint to be an improper filing and clarifying that the operative complaint in the case is the Third Amended Complaint.  (Doc. 28.)  In response to the December 18, 2012, Order, Plaintiff attached another "Fourth Amended Complaint" to the Rule 15 motion under consideration here.  (Doc. 32-1.)

A review of Plaintiff's filings and Defendants' responses thereto indicates that Plaintiff's submissions have been repeated attempts to cure deficiencies identified either in Defendants' motions to dismiss the previously filed complaint or the Court's

---

[1] Plaintiff's proposed Fourth Amended Complaint is brought only against Defendant Palmerton Hospital.  (Doc. 32-1 at 1.)  It contains one count: Wrongful Termination for Public Policy.  (Doc. 32-1 at 14.)

6

consideration of such a motion. Whether allowed as a matter of course, by Court Order, or unauthorized under applicable rules, Plaintiff's failure to cure the deficiencies in her previous complaint has prompted the subsequent filing. Defendants have had to respond to each of the complaints by filing a motion and supporting brief; they have had to file a brief in opposition to the motion under consideration here. Thus, Defendants have five times had to expend substantial effort and incur substantial expense in attempting to move this case forward. Given these circumstances, we conclude it would be unfair to force Defendants to defend against yet another complaint. *See California Public Employees' Retirement System v. Chubb Corp.*, 394 F.3d at 166.

**2. Undue Delay**

Defendants next argue that further amendment should not be allowed based on the "undue delay" consideration in that all of the allegations Plaintiff seeks to include in her proposed Fourth Amended Complaint were within her knowledge when she filed her initial Complaint. (Doc. 38 at 10.) We agree.

The passage of time is not predominant in the "undue delay" inquiry–"[d]elay alone is an insufficient ground to deny leave to amend." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)); *see also*

7

*Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). "Undue delay" may be found where the delay places an unwarranted burden on the court or places an unfair burden on the opposing party. *Cureton*, 252 F.3d at 273 (citing *Adams*, 739 F.2d at 868). "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). The earlier availability of the new factual information set out in the proposed amendment is pertinent to the issue. *Id.* at 273-74. The question of undue delay requires the court to focus on why the movant did not amend sooner. *Id.* (citing *Adams*, 739 F.2d at 868).

As with the prejudice factor, Plaintiff recognizes undue delay as a pertinent consideration (Doc. 33 at 2), but she neither discusses it in her supporting brief, nor did she reply to Defendants' argument on the issue.

Here the passage of time from the removal of the case to this Court (Doc. 1) on September 5, 2012, to the filing of Plaintiff's Motion for Leave of Court to File a Fourth Amended Complaint (Doc. 32) on December 21, 2012, is not great. However, Plaintiff provides no reasons for the delay in including information in the proposed Fourth Amended Complaint--information available when she filed her first complaint in state court--in any previous filing. Plaintiff has had previous opportunities to amend, and each filing has placed a burden on the Court and a burden on Defendants. The

8

docket in this case shows that Plaintiff has unduly delayed in trying to get it right. Together with the prejudice prong, this provides a basis to deny further leave to amend.

**3. Justice Requirements**

Although prejudice and undue delay are factors which weigh against allowing amendment under the generally liberal pleading philosophy of Rule 15 and are thus considerations regarding what justice requires under the rule, *see Foman*, 371 U.S. at 182; *see also Lorenz*, 1 F.3d at 1414, Defendants also set out a general argument that permitting Plaintiff to further amend her complaint would be unjust. (Doc. 38 at 11-12.) We agree.

"A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Investmenst Fund Management LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust* 155 F.3d 644, 654 (3d Cir. 1998)). Courts have found that "three attempts at a prior pleading is enough," *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d at 74.

Defendants assert that permitting Plaintiff leave to amend would be unjust in that Plaintiff has been given a previous opportunity to amend and, rather than following the Court's directions, filed a Third Amended Complaint substantively identical to the one previously dismissed. (Doc. 38 at 11-12.) Based on our

9

discussion of the prejudice and undue delay factors, we agree justice does not require that Plaintiff be given another bite at the apple.

## 4. **Futility**

We have already determined that justice does not require allowing Plaintiff further leave to amend, but we will briefly discuss the futility factor because it also weighs in favor of denying Plaintiff's motion.

Futility is governed by the same standard of legal sufficiency that applies under Rule 12(b)(6). *See*, *e.g.*, *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). "[I]t essentially means that a 'complaint, as amended, would fail to state a claim' for relief." *Dombroski v. J.P. Morgan Chase Bank, N.A.*, No.12-1419, 2013 WL 4102030, at *2 (3d Cir. Feb. 4, 2013) (not precedential) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011)).

Here the only claim in Plaintiff's proposed Fourth Amended Complaint is a wrongful termination claim against Palmerton Hospital. (Doc. 32-1 at 14.) In our previous analysis of this issue, we noted that "Plaintiff faces a difficult task making the necessary factual averments to survive a challenge to a wrongful termination claim based on the public policy exception to the at-will employment presumption." (Doc. 19 at 17.) We allowed amendment of the claim only "in an abundance of caution." (Doc. 19 at 18.) Reiteration of our complete discussion of a wrongful

termination claim set out in our Memorandum addressing Plaintiff's Second Amended Complaint is not necessary. (*See* Doc. 19 at 11-18.) Rather, because we determined that Plaintiff's wrongful termination claim should be dismissed because her "Second Amended Complaint does not articulate what public policy of the Commonwealth of Pennsylvania is implicated" (Doc. 19 at 14), our focus is whether Plaintiff's proposed Fourth Amended Complaint identifies a public policy of the Commonwealth which can overcome the at-will employment presumption and support her wrongful termination claim.

"Pennsylvania presumes all employment to be 'at-will.'" *Scully v. Watts*, 238 F.3d 497, 505 (3d Cir. 2001) (citing *Geary v. United States Steel Corp.*, 319 A.2d 174, 176 (Pa. 1974)). "As a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship." *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 359 (Pa. Super. 1993) (listing cases).

"Exceptions to this rule have been recognized in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989). Pennsylvania courts have narrowly construed the public policy exception and have generally held that the plaintiff must demonstrate that a statute or constitutional provisions applied to his case and that his discharge resulted from his duty to act in

11

accordance with applicable law. *See*, *e.g.*, *Krajsa*, 622 A.2d at 359. In *Betts v. Stroehmann Bros.*, 512 A.2d 1280 (Pa. Super. 1986), the Pennsylvania Superior Court identified the relevant two-part test: first, the court "must decide whether any public policy is threatened"; and second, "even if an important public policy is involved a discharge of an employee is lawful if the employer has separate, plausible, and legitimate reasons for doing so." *Id.* at 1281 (citing *Cisco v. United Parcel Services, Inc.*, 476 A.2d 1340 (Pa. Super. 1984)). We keep in mind Plaintiff's high burden of challenging a termination under the public policy exception theory. *Marsh v. Boyle*, 530 A.2d 491, 495 (Pa. Super. 1987).

Plaintiff asserts that she has alleged additional facts in her proposed Fourth Amended Complaint and articulates a specific public policy violation with the following averments:

> 64. With respect [sic] the conduct of the Plaintiff, as alleged herein, the Plaintiff was attempting to act at all times in accordance with radiation dose limits for individual members of the public as set forth in sections 301 and 302 of the Radiation Protection Act (35 P.S. §§ 7110.301 and currently defined in 10 CFR Part 20 incorporated by reference in Pa. Code Title 25 Sec. 219.51.
>
> 65. Based on the foregoing, that Plaintiff was attempting to carry out the public policy of Pennsylvania, as cited above, to protect members of the public from dangerous exposure to harmful radiation, and was punished by the Defendant for her efforts.

(Doc. 32-1 ¶¶ 64, 54.)

The provisions specifically cited are part of the Radiation Protection Act which define the "[p]owers and duties of the Department of Environmental Resources," 35 P.S. § 7110.301, and the "[p]owers of Environmental Quality Board," 35 P.S. § 7110.302. These provisions neither address nor reference individual reporting duties. Thus, they do not exhibit a clear public policy regarding a prohibition of termination of individuals who report allegedly dangerous exposure to radiation to internal supervisory personnel.

In her supporting brief, Plaintiff cites to a Western District of Pennsylvania case where the court found the plaintiff had alleged a cognizable violation of public policy under The Worker and Community Right-to-Know Act, 35 P.S. § 7313. (Doc. 33 at 5 (citing *Lambert v. Envtl. Restoration Group, Inc.*, No. 2:07-cv-1573, 2008 U.S. Dist. Lexis 20351, *6-*11 (W.D. Pa. March 14, 2008)).) Plaintiff does not mention this act in her Complaint. Plaintiff does not analogize *Lambert* to the situation presented here and her failure to do so is significant in that *Lambert* found the plaintiff "was statutorily required to exercise his expertise to protect worker and public safety in his role as an ARSO [Assistant Radiation Safety Officer]." *Lambert*, 2008 WL 723328, at *3. Plaintiff had no similar duty.

Plaintiff cites a plethora of cases in which courts have found that a wrongful discharge claim could go forward based on a public policy exception. (Doc. 33 at 5-9.) However, as with *Lambert*,

13

Plaintiff provides no specific analogy to her situation. Rather, she says only that all of the cases cited "are clearly analogous to the case at bar, where the Plaintiff tried, and was punished, for attempting to ensure that patients and employees were not exposed to radiation." (Doc. 33 at 9.) This conclusory statement does not meet Plaintiff's high burden of showing that her "discharge[] . . . would threaten [a] clear mandate[] of public policy." *Clay*, 559 A.2d at 918.

We further conclude that, even if the cited Pennsylvania provisions (and their federal counterparts) were to be found to form the basis of a clearly mandated public policy, Plaintiff's claim would fail under the second prong of the inquiry. This is a case where Plaintiff's Complaint shows that the employer had "separate, plausible, and legitimate reasons" for termination. *Betts*, 512 A.2d at 1281.

First, we note that many of the violations alleged in Plaintiff's proposed Fourth Amended Complaint are unrelated to radiation dosage or improper exposure to radiation. In general, the proposed Fourth Amended Complaint sets out a litany of negative interactions between Plaintiff and her employer, specifically Lois Richards who was Plaintiff's supervisor.

At the meeting which took place the day before Plaintiff was terminated, Plaintiff asserts that Richards accused her of "refusing to perform a scan," "canceling a CT order," "sending a

14

patient to another facility[,]" and "using profanity." (Doc. 32-1 ¶ 53.) Plaintiff's refusal to perform a scan and cancel a CT order presumably relate to her June 30, 2011, refusal to scan a patient who was over the documented weight limit for the table.[2] (Doc. 32-1 at 33.) Richards instructed Plaintiff to scan the patient, stating that the patient had been scanned a day or two earlier by two other technicians. (Doc. 32-1 at 34.) Plaintiff's refusal to follow her supervisor's directive would be a reason for termination separate from any public policy exception based on Plaintiff's radiation exposure allegations in that Plaintiff's refusal related to an alleged potential *table* failure. Plaintiff's alleged use of profanity would also be separate from any public policy exception as it relates to the same incident.[3]

Given the lack of relationship between what Plaintiff alleges were reasons for her termination and the purported public policy relating to her "attempting to ensure that patients and employees were not exposed to radiation" (Doc. 33 at 9) as well as the picture of the generally difficult relationship between Plaintiff

---

[2] Other instances where Plaintiff states that she refused to perform scans or x-rays are remote in time from the meeting. (*See*, *e.g.*, Doc. 32-1 ¶¶ 15-17.)

[3] Plaintiff states that when asked whether she used profanity during a conversation with two other employees on June 30, 2011, Plaintiff responded that "she did not recall, but, that she had indeed been very upset and distraught over the issue." (Doc. 32-1 ¶ 39.) Her Complaint later states that she "believes, and therefore avers, she did not use any profanity." (Doc. 32-1 ¶ 55.)

15

and her supervisor, even if Plaintiff were terminated in part for complaints regarding improper radiation exposure, her employer had separate, plausible, and legitimate reasons for her termination.

In sum, all factors relevant to the inquiry of whether Plaintiff should be allowed to file another amended complaint indicate that justice does not require granting leave to amend and Plaintiff's Motion for Leave of Court to File a Fourth Amended Complaint is properly denied.

### *b. Motion to Dismiss Third Amended Complaint*

Plaintiff timely filed a Third Amended Complaint on November 23, 2012. (Doc. 21.) On December 3, 2012, Defendants filed Defendants Palmerton Hospital and Lois Richards' Motion to Dismiss (Doc. 22) and supporting brief (Doc. 23) seeking dismissal of Plaintiff's Third Amended Complaint. On December 19, 2012, Defendants filed a Praecipe to Consider Plaintiff's Lack of Contest as Consent to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint.[4] (Doc. 27.) We conclude that Defendant's

---

[4] Defendants state that Plaintiff's response was due on or before December 17, 2012, pursuant to Local Rule 7.6. (Doc. 27 ¶ 3.) We agree that Local Rule 7.6 allows fourteen days from service of the supporting brief, but we must also consider the Federal Rule of Civil Procedure which addresses the computing of time generally applicable to the Federal Rules and local rules. Fed. R. Civ. P. 6. Although Defendants are correct that a straight calculation would be fourteen days from date of service, December 19, 2012, Federal Rule 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a). Because 5(b)(2)(E) relates to service by electronic means, three days are added to the

16

motion is properly granted.

Pursuant to Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion. The Court of Appeals for the Third Circuit has held that dismissal of a case for failure to comply with a local rule is a "drastic sanction" which should, with few exceptions, follow a merits analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992); *see also Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009) (not precedential). "'[I]t is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the *Poulis* [*v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)] factors before it undertakes its analysis.'" *Shuey*, 350 F. App'x at 632-33 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)).

Because the three counts contained in Plaintiff's Third Amended Complaint (Doc. 21) are almost identical to those set out in the Second Amended Complaint (Doc. 7),[5] and because, following a merits analysis, the Court found that those claims were properly

---

fourteen days. Therefore, Plaintiff had until December 20, 2012, to respond to Defendants' motion to dismiss and the time for filing had not elapsed before Defendants filed their Praecipe (Doc. 27).

[5] As noted by Defendants, the relevant sections of the Second Amended Complaint and the Third Amended Complaint differ only in that a single paragraph identifying Lois Richards' business address was deleted from the Third Amended Complaint. (Doc. 22 ¶ 7.)

17

dismissed (Doc. 19), the same conclusion is warranted here. Further, Plaintiff's duplication was intentional as evidenced by correspondence between Plaintiff's counsel and Defendants' counsel following the filing of the Third Amended Complaint. (Doc. 29-1 at 2-4, 11.) For the reasons discussed above, granting leave to further amend is not warranted and all claims are properly dismissed with prejudice.

### *c. Motion for Sanctions*

In Defendants Palmerton Hospital and Lois Richards' Rule 11 Motion for Sanctions (Doc. 29), Defendants assert that sanctions are appropriate because Plaintiff's Third Amended Complaint raises no new factual averments that were not included in the Second Amended Complaint and continues to name Lois Richards as a Defendant although all claims against her in the Second Amended Complaint were dismissed with prejudice. (Doc. 29.) Defendants specifically request "reasonable attorneys' fees incurred in presenting a Motion to Dismiss Plaintiff's Third Amended Complaint as well as this Motion for Sanctions." (Doc. 29 at 4.)

Because the Court has determined that all claims in Plaintiff's Third Amended Complaint are properly dismissed with prejudice and the case will be closed, Defendants' motion for sanctions is denied.

### III. Conclusion

For the reasons discussed above, Defendants Palmerton Hospital

18

and Lois Richards' Motion to Dismiss (Doc. 22) is GRANTED; Defendants Palmerton Hospital and Lois Richards' Rule 11 Motion for Sanctions (Doc. 29) is DENIED; and Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Doc. 32) is DENIED. All claims contained in the operative complaint, Plaintiff's Third Amended Complaint (Doc. 21), are dismissed with prejudice. An appropriate Order is filed simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: February 15, 2013_____